**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **EDGE GAMES, INC.,** | ) | |
|     35 South Lake Avenue, Ste 710, | ) | |
|     Pasadena, CA 91101 | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| **MOBIGAME SARL,** | ) | |
|     25 rue Titon | ) | |
|     75011 Paris, France | ) | |
| | ) | |
|     Defendant. | ) | |

---

**VERIFIED COMPLAINT**

---

Under the provisions of 15 U.S.C. § 1071 (b)(1), Plaintiff, Edge Games, Inc., ("Plaintiff" or "Edge Games"), by and through the undersigned counsel, brings this action against Defendant Mobigame ("Defendant" or "Mobigame"), seeking review of the decision of the Trademark Trial and Appeal Board (the "TTAB" or the "Board") of the U.S. Patent and Trademark Office ("USPTO") and damages for federal trademark infringement. In support of its claims, Plaintiff states as follows:

**NATURE OF THE ACTION**

1.  This district court appeal of a TTAB proceeding arises out of Mobigame's attempt to cancel Plaintiff's U.S. Trademark Registration for the mark **EDGE GAMES** for certain computer game software (the "Mark"), Registration No. 5934761 (the "Registration"), on the purported grounds that the Mark was not in use in commerce on or before the filing date of the application

1

that matured into the Registration.[1] Accordingly, Plaintiff brings this action to seek a reversal of the Board's decision in TTAB Cancellation Proceeding No. 92075393 (the "Cancellation Proceeding") and an order directing the USPTO to reinstate the Registration.

2.    Importantly, Plaintiff was unrepresented by counsel in the Cancellation Proceeding, and the Board found much of Plaintiff's evidence of use of the Mark to be illegible or otherwise lacking sufficient credibility. By and through the undersigned counsel, Plaintiff now intends to introduce new arguments and evidence that were not put before the Board, as well as legible copies of evidence that the Board deemed too illegible to rely on. Therefore, the standard of review for this action is *de novo*, and this Court can review Plaintiff's additional evidence and arguments with a fresh set of eyes.

3.    In the Cancellation Proceeding, Mobigame contended that it has priority with respect to rights in the mark **EDGE** ("Mobigame's Mark") for the relevant goods and services; namely, downloadable computer games and related software and that Plaintiff's Mark was likely to cause confusion under Section 2(d) of the Trademark Act (15 U.S.C § 1052(d)). The Board found (and Plaintiff does not dispute) that Plaintiff's Mark and Mobigame's Mark are confusingly similar; therefore, Plaintiff's junior use of **EDGE GAMES** would result in damage to Mobigame, in the alleged form of interference with Mobigame's current business and prevention of Mobigame's registration of **EDGE**. But as Plaintiff's evidence will show, Plaintiff is, in fact, the *senior* user of the mark **EDGE GAMES** (as well as the mark **EDGE** and other **EDGE**-formative marks), and Plaintiff has used the mark continuously in U.S. commerce within the meaning defined in 15

---

[1] Mobigame also sought to cancel Plaintiff's registration on other grounds, including fraud on the USPTO and abandonment by non-use, but the Board did not address these grounds, instead granting the petition to cancel on the grounds that the respondent's (Plaintiff's) evidence did not establish use in commerce on or before the date of filing.

U.S.C. § 1127. The evidence put forth by Mobigame in the Cancellation Proceeding establishes that Mobigame has infringed, and continues to infringe, upon Plaintiff's trademark rights.

4.    Mobigame's other asserted grounds for cancellation of the Registration included fraud on the USPTO in procuring the Registration under Section 14(3) of the Trademark Act (15 U.S.C § 1064(3)), nonuse of the Mark prior to filing a use-based application, and abandonment of the Mark through nonuse. The Board declined to address the full merits of these claims, instead granting Mobigame's petition to cancel solely because Plaintiff's credible evidence was insufficient to establish use of the Mark prior to filing the application that matured into the Registration. However, the evidence Plaintiff intends to submit will show not only that Plaintiff had been using the Mark long before the date of filing the application, but that Mobigame's additional claims are without merit.

5.    Thus, Plaintiff seeks (a) a declaratory judgment that the Mark was in use in commerce on or before the date the application that matured into the Registration was filed, and therefore the Registration was properly granted; (b) a reversal of the cancellation of the Registration, pursuant to 15 U.S.C. § 1071(b)(1) and 37 C.F.R. §2.145(c); (c) a declaratory judgment that Plaintiff did not commit fraud on the USPTO in filing a use-based application to register the Mark; (d) a declaratory judgment that Plaintiff has not abandoned the Mark; (e) damages for federal trademark infringement and related claims under the Lanham Act; and (f) damages for common law trademark infringement and related claims under Virginia state law.

## PARTIES

6.    Plaintiff is a California corporation with its principal place of business at 35 South Lake Avenue, Ste 710, Pasadena, California 91101.

7.    Defendant is a société par actions simplifiée organized under the laws of France, with its principal place of business at 25 rue Titon, Paris, France 75011.

## JURISDICTION AND VENUE

8.   This is a civil action for review of the decision of the U.S. Trademark Trial and Appeal Board under 15 U.S.C. § 1071(b)(1), which provides that a party dissatisfied with a final decision of the Board may challenge such decision by instituting a civil action in federal district court. This civil action also pleads trademark infringement and related claims under the Lanham Act, 15 U.S.C. § 1051 *et seq.* Therefore, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.   This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) insofar as these claims are so related to the federal claims in the action that they form part of the same case or controversy.

10. This Court has personal jurisdiction over Defendant Mobigame under 15 U.S.C. § 1071(b)(4) because Mobigame is a foreign entity that resides in France. Defendant Mobigame operates a website accessible within the United States (available at https://www.mobigame.net/), claims to conduct business within the U.S. market, and filed an application to register Mobigame's Mark with the United States Patent and Trademark Office.

11. Venue is also properly placed in this district pursuant to 15 U.S.C. § 1071(b)(4), as Defendant Mobigame resides in France.

## BACKGROUND

12. Plaintiff is a publisher of computer and video games playable on mobile phones and similar devices. Plaintiff promotes and advertises its brand **EDGE GAMES** to serve customers across the United States, and has done so since at least as early as 2003. Before 2003, Plaintiff offered many games under the mark **EDGE**.

13. Plaintiff is the owner of the Registration (U.S. Trademark Registration No. 5934761) for the Mark, **EDGE GAMES**, for "Computer game programs; Computer game software;

Computer game software downloadable from a global computer network; Computer game software for use on mobile and cellular phones" ("Plaintiff's Goods"). Plaintiff filed the application that matured into the Registration on October 7, 2010. Following a lengthy examination, peppered by years-long suspensions, the USPTO granted the Registration to Plaintiff on Dec. 17, 2019. Copies of the trademark registration certificate and current status of the Registration downloaded from the USPTO's Trademark Status and Document Retrieval tool is attached and made a part hereof as **Exhibit A**. In the final decision of the Cancellation Proceeding issued on October 30, 2025, the Board granted the Petition to Cancel the Registration initiated by Defendant Mobigame — hence, this action. Prior to this date, the Registration had been valid and subsisting.

14. Plaintiff began use of the **EDGE GAMES** mark at least as early as 2003 — long before the October 7, 2010 filing date of the application. An archived copy of Plaintiff's website at the domain name *edge-mobile.com* from April 6, 2004 (available through the Internet Archive at *web.archive.org*) is attached hereto and made a part hereof as **Exhibit B**. The home page includes a simulation of the splash screen of one of Plaintiff's games, Bobby Bearing, which bears the Mark in the lower left corner, as well as a paragraph announcing that Plaintiff had launched its "Bobby Bearing" game for J2ME[2] on **April 28, 2003**:

---

[2] J2ME is a legacy computing platform for developing and deploying applications to mobile devices, including mobile phones. *See* Wikipedia entry for Java Platform, Micro Edition (*available at* https://en.wikipedia.org/wiki/Java_Platform,_Micro_Edition).

5



*Images of the Bobby Bearing splash screen shown on the home page of Plaintiff's website*
*at the domain name <u>edge-mobile.com</u> from April 6, 2004*

*Image of the announcement of Bobby Bearing for J2ME on the home page of Plaintiff's website*
*at the domain name <u>edge-mobile.com</u> from April 6, 2004*

15. The Trademark Manual of Examining Procedure ("TMEP") acknowledges that it is common in certain industries to apply a trademark to videos, movies, and downloadable computer programs by making the trademark visible only when the program is displayed on a screen (such as in the first few frames of a movie). *See* TMEP § Section 904.03(e).[3] For a computer game, displaying a trademark on a display screen (including a loading screen or "splash screen") of the game is virtually identical to displaying the trademark in the first few frames of a movie, and therefore constitutes use of the trademark. Accordingly, Plaintiff's use of the Mark on the splash

---

[3] The version of the TMEP in effect at the time the application was filed (Seventh Edition, October 2010) specifically provides, in § 904.03(e):"The computer program, video tape, and movie industries have adopted the practice of applying trademarks that are visible only when the goods, that is, programs or movies, are displayed on a screen (e.g., on the first several frames of a movie)."

screen of the Plaintiff's Bobby Bearing game constitutes trademark use within the meaning of the Lanham Act.

16. Plaintiff's Bobby Bearing game was also reviewed by Midlet Review in 2003. An archived copy of Midlet Review's website at the URL *http://www.midlet-review.com/tests/j2me.htm* from June 18, 2003 (available through the Internet Archive at *web.archive.org*), identifies Plaintiff as one of the sources of the Bobby Bearing game. The page on Midlet Review's website containing the Bobby Bearing game review was archived less than a month later, on July 14, 2003, and similarly identifies Plaintiff as the source of the Bobby Bearing game:



*Image of the Bobby Bearing game information from a webpage on Midlet Review's website, archived from July 14, 2003, at the URL:*
http://www.midlet-review.com/tests/j2me/bobbybearing.htm.

Attached hereto and made a part hereof as **Exhibit C** are screenshots of the aforementioned archived Midlet Review website pages. The review of Bobby Bearing by Midlet Review does not

show use of the Mark by Plaintiff, but rather that the Bobby Bearing game was available to consumers at least as early as July 14, 2003.

17. However, an archived collection of Java Mobile games from the Internet Archive (available at *web.archive.org*) includes a copy of executable code for the Bobby Bearing game in the form of a .JAR file dated February 18, 2006. The .JAR file containing the Bobby Bearing game code can be downloaded and uploaded to a J2ME emulator, such as JarPlay (an Apple iOS application). Similar to the simulation on Plaintiff's archived website, uploading the Bobby Bearing .JAR file to a J2ME emulator shows that the splash screen of the Bobby Bearing game displays the Mark in the lower left corner of the screen:



*Screenshots of Bobby Bearing game file dated February 18, 2006, uploaded to a J2ME emulator and showing the Mark displayed on the splash screen*

Attached hereto and made a part hereof as **Exhibit D** are (1) website screenshots of the archived collection of Java Mobile games available from the Internet Archive, including the time-stamped .JAR file of the Bobby Bearing game, (2) mobile phone screenshots showing the application JarPlay allows for playing .JAR files, and (3) mobile phone screenshots of the Bobby Bearing .JAR file uploaded to the JarPlay J2ME emulator.

18. Indeed, Plaintiff was using the Mark in commerce, in connection with Plaintiff's Goods well before the filing date of the application that led to the Registration. Additional evidence, including but not limited to evidence filed under seal in the Cancellation Proceeding, forensic review of the code of Plaintiff's game files, and displays of on the splash screens of Plaintiff's downloadable computer games that were available to US consumers throughout the 2000s and 2010s, will show that Plaintiff has continuously used the Mark in US commerce since Plaintiff's first use.

19. Technologies have evolved over time to permit distribution of computer games through different channels (transfers of game files from other devices, direct website downloads, third-party online retailers, etc.). Plaintiff continues to distribute its downloadable games and use **EDGE GAMES** in commerce by promoting and selling its goods and services under the Mark through third-party app stores such as Google Play and the Apple App Store. Attached and made a part hereof as **Exhibit E** are screenshots of webpages on the Google Play Store and the Apple App Store showing that Plaintiff continues to market and sell the goods covered by the Registration under the Mark.

20. Plaintiff works zealously to protect its rights to this name, including by seeking to oppose federal registration of third-party marks that are confusingly similar to the Mark, and instituting actions in federal district court to enforce its rights in the Mark. Indeed, Plaintiff has

been involved in a number of disputes before the Board, as well as litigation in the U.S. and Europe regarding priority in EDGE-formative marks.[4] In several of these proceedings, Plaintiff was adverse to Defendant (and has prevailed in all such proceedings, other than in the Cancellation Proceeding.

21. On October 6, 2020, Mobigame filed a Petition for Cancellation of the Registration with the Board, which institute the Cancellation Proceeding. Following several years of contentious litigation, the Board granted Mobigame's Petition to Cancel on October 30, 2025. A copy of the Board's decision is attached hereto as **Exhibit F**. As noted above, the Board's decision hinged on whether the record established that Plaintiff, which did not have legal counsel for the duration of the proceeding, had used the **EDGE GAMES** mark on or before the date it filed the use-based application that matured into the Registration.

22. As Mobigame explains in great detail in its Petition for Cancellation and trial brief, Mobigame promotes its games to consumers in the United States through various app stores, including the Google Play Store and Apple App Store. Attached and made a part hereof as **Exhibit G** are screenshots of webpages on the Google Play Store.

23. Mobigame has also sought to register the mark **EDGE**, Application Serial No. 90226272, for "Downloadable and recorded computer game software; downloadable and recorded video game software; downloadable computer game software; downloadable video game software; Computer game software downloadable from a global computer network; downloadable computer game software for use on mobile and cellular phones." This application has been suspended pending final disposition of the Cancellation Proceeding. Mobigame previously sought to register

---

[4] Records of these proceedings are made part of the record in the Cancellation Proceeding.

this mark in 2009 (Application Serial No. 79067304), which Plaintiff successfully opposed resulting in the abandonment of the application.

24. Upon information and belief, Defendant intends to continue promoting its products using its **EDGE** mark in the United States.

## CLAIMS

25. Plaintiff uses its **EDGE GAMES** mark in commerce and promotes its goods and services under the **EDGE GAMES** mark throughout the United States and the world and has continuously done so since at least as early as 2003. Plaintiff has continuously used this mark in connection with Plaintiff's Goods and its business since that time.

26. For many years, Plaintiff has offered games under its **EDGE GAMES** and its **EDGE** marks. The splash screens of Plaintiff's games, as well as the websites and stores from which Plaintiff's games can be downloaded, routinely display the Mark to identify Plaintiff as the publisher, all of which constitutes valid trademark use.

27. As a result of its efforts, Plaintiff has developed valuable trademark rights including common-law rights in its mark, its **EDGE GAMES** mark, extending nationwide.

28. As a result of Plaintiff's long, extensive, exclusive, and continuous use of its **EDGE GAMES** mark in connection with its business, the enormous public exposure due to it through promotion and excellent customer service the name and mark have acquired secondary meaning and have become extremely well and favorably known as a designator of origin for Plaintiff's products. The trademark **EDGE GAMES** serves to identify the source of Plaintiff's products.

29. Because of the likely confusion as to the source of Defendant's services by Defendant's use of its **EDGE GAMES** mark in connection with software similar to Plaintiff's, Plaintiff's goodwill in its **EDGE GAMES** mark has been and will be damaged.

30. Defendant's continuing infringing activity demonstrates a willful and bad faith intent to create confusion, deception, and mistake in the minds of both Plaintiff's consumers and potential consumers and in the minds of Defendant's consumers and potential consumers.

### COUNT I: REVERSAL OF BOARD'S DECISION

31.  Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 30, inclusive above.

32. The Trademark Trial and Appeal Board discounted the testimony of Plaintiff's principal, Dr. Timothy Langdell, and Plaintiff's evidence.  Under 15 U.S.C. § 1071(b)(1), a U.S. District Court may review the case anew, allowing for new evidence and testimony, offering a fresh, independent legal and factual assessment of the trademark issue.

33. The attached Exhibits make clear that Plaintiff has used the **EDGE GAMES** name and mark in commerce since at least 2003, and most importantly, that the mark was in use at the time of filing the subject U.S. Trademark Application.

34. For the foregoing reasons, the October 30, 2025 decision of the Board in the Cancellation Proceeding should be reversed and the Petition to Cancel should be denied.

**WHEREFORE**, Plaintiff prays for judgment against Mobigame as set forth in the prayer for relief.

### COUNT II: DECLARATORY JUDGMENT OF THE DATE OF FIRST USE OF THE MARK, NO FRAUD ON THE USPTO, AND CONTINUING USE OF THE MARK

35. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 34, inclusive above.

36. The Board's decision hinged on the sufficiency of the evidence Plaintiff relied on in the Cancellation Proceeding to establish a date of first use of the Mark **EDGE GAMES** prior to October 7, 2010. As the facts and evidence set forth herein show, and as new evidence and

testimony will continue to show, Plaintiff was using the Mark before October 7, 2010, and has continue to use the Mark in US commerce since the registration was granted.

37. The Board's decision did not address the independent grounds for cancellation alleged by Mobigame, including fraud on the USPTO and abandonment of the Mark by nonuse. Rather, the Board's determination that Plaintiff did not proffer sufficient evidence of use of the Mark before the filing date of the application obviated the need to address the remaining issues raised by Mobigame in its Petition to Cancel. Plaintiff, therefore, seeks a declaratory judgment that addresses all of Mobigame's claims to avoid potential re-litigation of the cancellation proceeding.

**WHEREFORE**, Plaintiff prays for judgment against Mobigame as set forth in the prayer for relief.

## COUNT III: FEDERAL TRADEMARK INFRINGEMENT

38. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 37, inclusive above.

39. Plaintiff, due to its long standing priority of use and by virtue of its ownership of the Registration possesses valid and superior common-law and federal statutory rights in its **EDGE GAMES** mark.

40. By reason of Plaintiff's prior adoption and use of its mark and its federally registered trademark, Plaintiff's rights are superior to and supersede any rights Defendant Mobigame may have in the **EDGE** mark.

41. Mobigame was on constructive notice of the existence of Plaintiff's rights to the **EDGE GAMES** mark, by reason of the existence of Plaintiff's federal trademark registrations.

42. On information and belief, Mobigame intends to continue promoting products similar to Plaintiff's Goods under the **EDGE** mark.

43. The use by Mobigame of the **EDGE** mark is without the permission or authorization of Plaintiff.

44. The class of customers for the products offered by Mobigame is substantially the same class of customers to whom Plaintiff offers its goods.

45. In view of the substantially identical nature of the parties' goods, the confusing similarity caused by the use of the same trademark by the two parties, and the substantially similar channels of trade and classes of purchasers of the parties' products, Mobigame's continued use of the **EDGE** mark is likely to cause confusion, mistake, and deception among purchasers and the public generally, leading them to believe, falsely, that Mobigame's products are those of, sponsored or approved by, or in some way connected with Plaintiff, to the irreparable injury of Plaintiff and the public. Despite such a likelihood of public confusion, mistake, or deception, Mobigame is presently pursuing its **EDGE** mark.

46. On information and belief, Mobigame's acts complained of herein have for their objective the willful appropriation of Plaintiff's right in the **EDGE GAMES** mark and of the valuable goodwill of Plaintiff's business, thereby unlawfully benefitting Mobigame.

47. On information and belief, the continued use of the **EDGE** mark by Mobigame will be likely to injure the business and reputation of Plaintiff and will damage the distinctive quality of Plaintiff's federally registered **EDGE GAMES** trademark.

48. Defendant's use of the **EDGE** mark is without Plaintiff's consent and is likely to cause confusion, mistake, or deception and constitutes direct infringement of Plaintiff's federal trademark rights, in violation of Title 15 U.S.C. § 1114. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for judgment against Mobigame as set forth in the prayer for relief.

## COUNT IV: FEDERAL UNFAIR COMPETITION,
## FALSE REPRESENTATION, AND FALSE DESIGNATION OF ORIGIN

49. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 48, inclusive above.

50. The acts complained of aforesaid actually deceive and are likely to deceive the public into believing, falsely, that Mobigame's goods are those of, sponsored or approved by, or are in some way connected with Plaintiff, all to the irreparable injury of Plaintiff's trade and goodwill and to the injury of the public.

51. The aforesaid acts constitute federal unfair competition in the form of passing off, false representation, false advertising, and false designation of origin, all in direct violation of 15 U.S.C. § 1125(a).

**WHEREFORE**, Plaintiff prays for judgment against Mobigame as set forth in the prayer for relief.

## COUNT V: VIRGINIA STATUTORY TRADEMARK INFRINGEMENT

52. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 51, inclusive above.

53. This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

54. Mobigame's use of the **EDGE** mark, which is confusingly similar to the Plaintiff's **EDGE GAMES** mark without the permission or authorization of Plaintiff is likely to cause confusion, mistake and deception among consumers and the public generally. Despite such a likelihood of public confusion, mistake or deception, Mobigame has continued to use and is presently using the Plaintiff's mark and disregarding Plaintiff's demand that Mobigame cease this activity.

55. Upon information and belief, Mobigame's continued use of the **EDGE** mark is likely to injure the activity and reputation of Plaintiff, will diminish the distinctive quality of the **EDGE GAMES** source identifying mark, and cause irreparable injury to the **EDGE GAMES** mark, to Mobigame's goodwill and to the public.

56. Mobigame's wrongful acts constitute statutory trademark infringement under Va. Code Ann. §59.1-92.12.

57. The aforesaid acts of Mobigame are greatly and irreparably damaging to Plaintiff's **EDGE GAMES** mark and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, and Plaintiff is without an adequate remedy at law.

**WHEREFORE**, Plaintiff prays for judgment against Mobigame as set forth in the prayer for relief.

## COUNT VI: VIRGINIA TRADEMARK INFRINGEMENT

58. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 57, inclusive above.

59. This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

60. Mobigame's use of the **EDGE** mark, which is confusingly similar to Plaintiff's **EDGE GAMES** mark, without the permission or authorization of Plaintiff is likely to cause confusion, mistake and deception among consumers and the public generally. Despite such a likelihood of public confusion, mistake or deception, Defendant has continued to use and is presently using the Plaintiff's mark and disregarding Plaintiff's demand that Defendant cease this activity.

61. Upon information and belief, Defendant's continued use of the **EDGE** mark is likely to injure the activity and reputation of Plaintiff, will diminish the distinctive quality of the **EDGE**

**GAMES** source identifying mark, and cause irreparable injury to the **EDGE GAMES** mark, to Plaintiff's goodwill and to the public.

62. Mobigame's wrongful acts constitute common law trademark infringement in Virginia.

63. The aforesaid acts of Mobigame are greatly and irreparably damaging to Plaintiff's **EDGE GAMES** mark and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, and Plaintiff is without an adequate remedy at law.

**WHEREFORE**, Plaintiff prays for judgment against Mobigame as set forth in the prayer for relief.

## COUNT VII: VIRGINIA UNFAIR COMPETITION

64. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 63, inclusive above.

65. This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

66. As described more fully herein, Mobigame's wrongful acts constitute common law unfair competition in that said acts:

      (a)     enable and will continue to enable Mobigame to obtain the benefit of and trade on Plaintiff's goodwill;

      (b)     damage and will continue to damage Mobigame goodwill in that Plaintiff does not have control over Mobigame's operations; and

      (c)     cause, have caused, and are likely to continue to cause confusion, mistake, or deception in the minds of the public.

67. The aforesaid acts of Mobigame are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff's **EDGE GAMES** mark and

associated goodwill unless enjoined by this Court, and Plaintiff is without an adequate remedy at law.

68. This association between the marks is likely to impair the distinctiveness of Plaintiff's mark and harm the reputation of Plaintiff's mark.

69. The aforesaid acts constitute unfair competition in direct violation of Virginia common law.

**WHEREFORE**, Plaintiff prays for judgment against Mobigame as set forth in the prayer for relief.

### <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff respectfully requests:

1.     An order reversing and vacating the TTAB decision in *Mobigame v. Edge Games, Inc.*, (TTAB Cancellation No. 92075393).

2.     An order requiring the Director of the USPTO to reinstate Plaintiff's Registration No. 5934761.

3.     A declaratory judgment that:

a.     the Mark **EDGE GAMES** was in use in commerce on or before the date the application that matured into the Registration was filed, and therefore, that the Registration was properly granted;

b.     Plaintiff did not commit fraud on the USPTO in filing a use-based application to register the Mark **EDGE GAMES**; and

c.     Plaintiff has not abandoned the Mark through nonuse

4.     That Mobigame and its officers, directors, agents, owners, employees, representatives, attorneys, and all others acting under or in concert with it, or with any of them, be forthwith permanently enjoined and restrained from:

18

a.      infringing Plaintiff's rights to the Mark **EDGE GAMES**; using the **EDGE GAMES** mark or any variation of the designation **EDGE GAMES,** including the **EDGE** mark or any colorable imitation thereof on Mobigame's websites, social media sites, on third-party websites, as the title of a computer or video game, on letterhead, signage, advertising, or promotional material, either in print or broadcast or electronic form or other forms either separately or compositely with other words, symbols or devices, as a corporate or trading name or as a trademark, in connection with computer or video games, mobile applications, or software;

b.      in any manner imitating Plaintiff's **EDGE GAMES** mark, for the purpose of acquiring Plaintiff's trade and goodwill by imitation, fraud, mistake or deception; and

c.      unfairly competing with Plaintiff in any manner whatsoever.

5.      An order holding that Mobigame's activities complained of herein constitute federal trademark infringement.

6.      An order directing Mobigame to file with this Court and to serve on Plaintiff within thirty (30) days after service of the injunction a report, in writing and under oath, setting forth in detail the manner and form in which Mobigame has complied with the injunction and any further orders of this Court.

7.      That Mobigame and its agents, employees, representatives, and all others acting under its direction or control or in concert with it, or any of them, be ordered to immediately cease and forever desist from use of the mark **EDGE**, including on any pages of websites under Mobigame's control and in any domain names or social media handles and as the title of any computer or video games, deliver up for destruction all product, labels, packaging, containers, tags,

advertising materials, catalogs, promotional material, flyers, signs, disks, tapes and any and all other materials which bear any resemblance to Plaintiff's **EDGE GAMES** mark, or any colorable imitation thereof or any other designation which contains or consists of variations on Plaintiff's **EDGE GAMES** mark.

8.      Joint and several liability for damages and a trebling of same, profits, and costs of suit, pursuant to 15 U.S.C. § 1117(a).

9.      An award of attorneys' fees due to the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a).

10.     Any other relief as the Court may deem proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff demands a trial by jury on all issues so triable.

<u>**NOTICE OF NEW EVIDENCE AND REQUEST FOR *DE NOVO* REVIEW**</u>

As mentioned above, Plaintiff intends to (a) introduce new arguments and evidence in this case, beyond that which was considered by the Board in the Cancellation Proceeding; and (b) develop and pursue such new arguments and evidence to the full extent permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence. Plaintiff thus requests that this Court undertake *de novo* review of all arguments and evidence in this case.

## **<u>VERIFICATION</u>**

I verify, on behalf of Plaintiff Edge Games, Inc. that the foregoing allegations are true and correct.

Executed on December 31, 2025:

Dr. Timothy Langdell

Dated: January 2, 2025            Respectfully submitted,

By:  /s/ Thomas W. Brooke
Thomas W. Brooke (Virginia Bar No. 32388)
Lauren Caverly Pratt (Tennessee Bar No. 040362)
*Pro hac vice motion forthcoming*
HOLLAND & KNIGHT LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
202.663.7271
thomas.brooke@hklaw.com

*Attorneys for Plaintiff*